IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| DEDRICK MATTHEWS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv954 |
| CITY OF TYLER, TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Dedrick Matthews, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Matthews complained of an 18 year sentence he received in the 114th Judicial District Court of Smith County, Texas, for the offenses of bail jumping and failure to appear. He argued that the sentences amounted to the needless imposition of pain and suffering which deprived him of his constitutional rights without due process of law. Matthews further complained that the use of evidence obtained in a warrantless arrest violated his rights under the Fourth and Fourteenth Amendments.

After review of the pleadings, the magistrate judge issued a report recommending that the lawsuit be dismissed. The magistrate judge observed that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by

1

an authorized state tribunal, or called into question by the issuance of a federal writ of habeas corpus. Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000), *citing* Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Matthews did not meet these pre-conditions and had previously sought federal habeas corpus relief concerning this conviction without success.

Matthews filed objections to the report stating that he had not consented to having a magistrate judge hear his case. However, the case was assigned to the magistrate judge only for pre-trial matters pursuant to 28 U.S.C. §636(b), for which no consent is required. Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002). Matthews accompanied his objections with a motion asking that his lawsuit be dismissed.

The Court has reviewed the pleadings and the report of the magistrate judge and has determined that this report is correct. Nonetheless, Matthews' request for voluntary dismissal should be granted. *See* Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977) (plaintiff has absolute right to dismiss his complaint under Rule 41(a), Fed. R. Civ. P., prior to the filing of an answer or motion for summary judgment); Thomas v. Phillips, 83 F.App'x 661, 2003 WL 22965565 (5th Cir., December 17, 2003) (citing Carter). It is accordingly

**ORDERED** that the Plaintiff's motion for voluntary dismissal of his civil action (docket no. 10) is **GRANTED.** It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** on the motion of the Plaintiff. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 16th day of February, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE